IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODDRICK**[1] **A. LEWIS, SR., #94800,**  ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-cv-00375-JPG |
| ) | |
| **GRANITE CITY, ILLINOIS,** ) | |
| **GRANITE CITY POLICE DEPARTMENT,** ) | |
| **and JOHN DOE (Police Officer),** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roddrick A. Lewis, Sr., filed this *pro se* action while he was a pretrial detainee at the Madison County Jail.[2] (Doc. 1). He seeks damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as for violations of the Illinois Constitution and statutes, in connection with an allegedly illegal traffic stop, arrest, and search.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] Plaintiff's name was incorrectly spelled as "Roderick" on the Court docket. The Clerk will be directed to correct the error. (Doc. 1, pp. 1, 3).
[2] A search of the online records of the Illinois Department of Corrections ("IDOC") and the Madison County Circuit Court reveals that Plaintiff is now an inmate in the custody of the IDOC, having pled guilty to a drug offense in his Madison County case. *See* https://www2.illinois.gov/idoc/Offender/Pages/Inmate Search.aspx (last visited April 19, 2022); https://www.co.madison.il.us/departments/circuit_clerk/court-records_search.php (last visited April 15, 2022). Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Around midday on February 24, 2021 in Granite City, Illinois, Defendant John Doe (a Granite City police officer) initiated a traffic stop of Plaintiff's vehicle. (Doc. 1, pp. 1-2). Before the stop, Plaintiff had been driving Eastbound, signaled at an intersection to make a left turn, then turned left, parked near his residence, and got out of his car. Plaintiff asserts there is no stop sign posted at that intersection for Eastbound or Westbound traffic. However, the John Doe Officer stopped Plaintiff as soon as he exited his vehicle and claimed Plaintiff had failed to obey a stop sign and committed a turn signal violation. (Doc. 1, p. 2). Plaintiff claims the stop lacked probable cause and violated Illinois law (725 ILCS 5/107-2(c)[3]). (Doc. 1, p. 1).

The John Doe Officer proceeded to search Plaintiff's person and vehicle "for evidence of another crime" without probable cause and in violation of Illinois statute (725 ILCS 5/108-1.01). (Doc. 1, pp. 1-2). The search revealed that Plaintiff was in possession of methamphetamines. He was arrested and jailed on a drug charge, which was prosecuted in Madison County Circuit Court Number 2021-CF-568). (Doc. 1, p. 3).

Plaintiff asserts that these events violated his rights to be free from unreasonable search and seizure, amounted to false arrest, false imprisonment, malicious prosecution, violated his due process rights, denied him equal protection of the law (racial profiling), and constituted slander and defamation of character. (Doc. 1, pp. 1-2). He seeks to hold the municipality of Granite City and its Police Department liable for failure to train its employees to avoid violations of constitutional rights. (Doc. 1, p. 3).

---

[3] It appears that Plaintiff intended to reference the statute found at 725 ILCS 5/107-2(1)(c).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Fourth Amendment claim against the John Doe Officer for the unlawful seizure and search of Plaintiff and his vehicle without probable cause on February 24, 2021. |
| Count 2: | Fourth Amendment claim against the John Doe Officer for the unlawful arrest of Plaintiff on February 24, 2021. |
| Count 3: | Fourteenth Amendment equal protection claim against the John Doe Officer for racially profiling Plaintiff for the traffic stop on February 24, 2021. |
| Count 4: | Fourteenth Amendment due process claim against the John Doe Officer for the events connected to the traffic stop on February 24, 2021. |
| Count 5: | State law malicious prosecution claim against the John Doe Officer arising from the events of February 24, 2021. |
| Count 6: | State law false arrest and false imprisonment claim against the John Doe Officer arising from the events of February 24, 2021. |
| Count 7: | *Monell* claim against Granite City and the Granite City Police Department for failing to train the John Doe Officer, resulting in the constitutional violations described in Counts 1-3 on February 24, 2021. |
| Count 8: | State law slander and defamation of character claims against the John Doe Officer arising from the events of February 24, 2021. |
| Count 9: | Claims for violations of the Illinois Constitution and statutes by the John Doe Officer arising from the events of February 24, 2021. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Counts 1 and 2 – Fourth Amendment

Counts 1 and 2 arise under the Fourth Amendment, which prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. District courts faced with Fourth Amendment claims filed by a pretrial detainee must consider whether a judgment in Plaintiff's favor in the Section 1983 action would necessarily imply the invalidity of the conviction or sentence and, if so, the claim must be dismissed unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Madison County Circuit Court records demonstrate that Plaintiff pled guilty to a drug possession charge that was brought after the John Doe Officer searched his person and vehicle.[5] The Seventh Circuit has observed that "when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (quoting *Haring v. Prosise*, 462 U.S. 306, 321 (1983)). Accordingly, the *Heck* doctrine does not bar Plaintiff's claims that the search, seizure, and ensuing arrest violated the Fourth Amendment, and Counts 1 and 2 against the John Doe Officer survive threshold review. However, Plaintiff must identify this officer by name before he can be notified of the lawsuit and given the opportunity to respond.

### Count 3 – Equal Protection

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must

---

[5] https://www.co.madison.il.us/departments/circuit_clerk/court_records_search.php (last visited April 15, 2022).

establish that a state actor has purposely treated him differently than persons of a different race. *Id.*

As with Counts 1 and 2, Plaintiff's claim that the John Doe Officer stopped him as a result of racial profiling does not run afoul of the *Heck* bar, because his conviction would not be affected if he were to prevail on this claim. *Mordi*, 870 F.3d at 707. Count 3 also survives review under § 1915A.

**Count 4 – Due Process**

Plaintiff does not articulate how he was denied due process as a result of the John Doe Officer's actions. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The Complaint and the records of the Madison County Circuit Court indicate that after Plaintiff's arrest, his criminal prosecution proceeded with all the ordinary due process protections including a preliminary hearing, consideration of Plaintiff's motion to quash the charges, and discovery before Plaintiff entered his guilty plea. To the extent that Plaintiff may be asserting that the stop, search, and arrest amounted to a denial of due process, Count 4 would appear to be duplicative of the Fourth Amendment claims in Counts 1 and 2. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims). For this reason, Count 4 will be dismissed at this time without prejudice.

### Count 5 – Malicious Prosecution

In order to proceed with a malicious prosecution claim, a Complaint must allege the following elements: (1) the defendants commenced or continued an original criminal or civil proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) the defendant instituted the proceeding without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) the plaintiff was injured. *Washington v. Summerville*, 127 F.3d 557 (7th Cir. 1997) (citations omitted). As to the second element, the plaintiff "cannot predicate his malicious prosecution action on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Id*. (citations omitted). Here, because Plaintiff pled guilty to the methamphetamine charge, he cannot maintain a claim for malicious prosecution. Count 5 will be dismissed with prejudice.

### Count 6 - False Arrest & False Imprisonment

The false arrest/false imprisonment claim in Count 6 arises under Illinois state law and is sufficiently related to the federal claims to warrant exercise of supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a). The elements of a false imprisonment claim are: "(1) that the plaintiff was restrained or arrested by the defendant; and (2) that the defendant acted without reasonable grounds (*i.e.*, without probable cause) to believe that an offense was committed by the plaintiff." *Grainger v. Harrah's Casino*, 18 N.E.3d 265, 276 (Ill. App. Ct. 2014). The elements of a false arrest claim are: (1) the plaintiff "was restrained by the defendant;" and (2) "the defendant acted without probable cause." *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1044 (Ill. App. Ct. 2007). The existence of probable cause "is an absolute bar" to false arrest and false imprisonment claims. *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E.2d 993, 1007 (Ill. 2013).

The facts and elements of these claims largely track the Fourth Amendment claims in

Counts 1 and 2. Thus, Count 6 likewise survives review under § 1915A and may proceed.

### Count 7 – *Monell* Claim

Plaintiff invokes *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), in his claim against the municipality of Granite City and its Police Department. *Monell* provides that a municipality may be held liable for a civil rights violation, if it can be shown that the constitutional deprivation was the result of an official policy, custom, or practice of the municipality. Here, Plaintiff alleges that the city failed to train its police officers not to violate citizens' constitutional rights as outlined in Counts 1-3 of the Complaint. A municipality's failure to train may amount to an official custom or policy that can serve as the basis for liability under § 1983, if a plaintiff can establish the municipality was deliberately indifferent to the rights of persons likely to come in contact with its employees. *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). At this early stage, Count 7 may proceed against Defendant Granite City, Illinois. However, the Granite City Police Department is not a separate legal entity and is not a "person" under § 1983, therefore, this Defendant will be dismissed with prejudice from the action.

### Count 8 – Slander/Defamation

Under Illinois law, defamation is the publication of a false statement that "tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (quoting *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)). To bring a successful claim, a plaintiff must show that the unprivileged communication of a false statement caused him harm. *Id.* Statements imputing that a person has committed a crime are considered defamatory *per se*. *Tuite*, 866 N.E.2d at 121.

In this case, the Complaint fails to allege that the John Doe Officer made or published any

defamatory statement to anyone, let alone a false statement. As Plaintiff ultimately pled guilty to a drug offense, the Court cannot discern a basis for his defamation claim. Count 8 will therefore be dismissed without prejudice.

### Count 9 – Illinois Constitution and Statutes

Plaintiff does not articulate how he believes the events he describes violated the Illinois Constitution, and the Court will not craft his arguments for him.

Plaintiff points to two specific Illinois statutes he claims were violated by the John Doe Officer in the course of the stop and search: 725 ILCS 5/107-2(1)(c), which states that a peace officer may arrest a person when he "has reasonable grounds to believe that the person is committing or has committed an offense;" and 725 ILCS 5/108-1.01, which authorizes a peace officer to search a person for weapons during a stop for temporary questioning. Even if the John Doe Officer acted in violation of one or both of these statutes, Plaintiff has not shown that such a violation would create a private right of action permitting him to sue for damages in court. Whether such a right of action exists is a complex issue that is best addressed by the state courts, and the Court sees no compelling reason to analyze this question further, given that Plaintiff will be allowed to proceed on several constitutional claims that similarly challenge the propriety of the stop and search. *See, e.g.*, *Mulvania v. Sheriff of Rock Island Cty.*, No. 4:10-CV-4080-SLD-JAG, 2013 WL 5422394, at *1 (C.D. Ill. Sept. 27, 2013) (declining to exercise supplementary jurisdiction over claim of illegal strip search in violation of Illinois statute where it was unclear whether a right of action existed for the violation).

For these reasons, Count 9 will be dismissed without prejudice.

### John Doe Defendant

Plaintiff shall be allowed to proceed with Counts 1-3 and 6 against the unknown/John Doe

Granite City Police Officer. However, this individual must be identified with particularity before service of the Complaint can be made on him. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this Defendant, in accordance with the discovery order that will be entered by the Court. *Rodriguez v. Plymouth Ambulance Svc.*, 577 F.3d 816, 832 (7th Cir. 2009). Because the municipality of Granite City, Illinois, remains in the case for Count 7, Granite City shall also be responsible for responding to discovery aimed at identifying the unknown Defendant. Once the name of the unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified Defendant in place of the generic designation in the case caption and throughout the Complaint.

## Disposition

The Clerk of Court is **DIRECTED** to correct Plaintiff's name on the record from "Roderick" to "Roddrick A. Lewis, Sr."

The Clerk is **FURTHER DIRECTED** to send a courtesy copy of this Order to Plaintiff at the IDOC institution where he is housed: Roddrick A. Lewis, #B89409, Graham Correctional Center-Reception. Plaintiff must file a notice of change of address in accordance with the instructions below.

The Complaint states colorable claims in Counts 1, 2, 3, and 6 against the John Doe Police Officer; and in Count 7 against Granite City, Illinois. Counts 4, 8, and 9 are **DISMISSED** without prejudice. Count 5 is **DISMISSED with** prejudice. The Granite City Police Department is **DISMISSED** with prejudice from the action.

The Clerk shall prepare for Granite City, Illinois: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and

Order to the Defendant's address as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  4/21/2022**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.