IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODDRICK A. LEWIS, SR., #94800,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) Case No. 21-cv-00375-JPG |
| **GRANITE CITY, ILLINOIS,** | ) |
| **and JOHN DOE (Police Officer),** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendant City of Granite City, Illinois. (Doc. 18). Plaintiff Roddrick A. Lewis, Sr., did not respond to the motion despite being granted an extension of time to do so. (Docs. 20, 21). For the reasons explained below, the motion will be granted in part and denied in part.

### BACKGROUND

Plaintiff filed this *pro se* action while he was a pretrial detainee at the Madison County Jail. He seeks damages for alleged constitutional deprivations in connection with a traffic stop, arrest, and search by an unidentified Granite City police officer.[1] (Doc. 1). Plaintiff asserts that he was pulled over for running a stop sign after he turned from Washington Avenue onto 25th Street in Granite City, but there is no stop sign at that intersection. Since filing this case, Plaintiff served a sentence of incarceration after pleading guilty to a drug charge arising from that arrest and was released on parole/mandatory supervised release in late December 2022. (Doc. 22).

Upon initial merits review, the Court allowed Plaintiff to proceed on the following claims:

---

[1] Plaintiff has not moved to substitute the actual name of the Defendant John Doe Officer (whose name is revealed in the Exhibits attached to Defendant Granite City's Motion to Dismiss, Docs. 18-1 through 18-5), so he has not been served with notice of this action. (*See* Doc. 8, pp. 8-9).

| | |
|---|---|
| Count 1: | Fourth Amendment claim against the John Doe Officer for the unlawful seizure and search of Plaintiff and his vehicle without probable cause on February 24, 2021. |
| Count 2: | Fourth Amendment claim against the John Doe Officer for the unlawful arrest of Plaintiff on February 24, 2021. |
| Count 3: | Fourteenth Amendment equal protection claim against the John Doe Officer for racially profiling Plaintiff for the traffic stop on February 24, 2021. |
| Count 6: | State law false arrest and false imprisonment claim against the John Doe Officer arising from the events of February 24, 2021. |
| Count 7: | *Monell* claim against Granite City for failing to train the John Doe Officer, resulting in the constitutional violations described in Counts 1-3 on February 24, 2021. |

Defendant Granite City seeks dismissal of the *Monell*[2] claim in Count 7 and the entire Complaint for failure to state a cause of action for which relief may be granted. The motion argues that, contrary to Plaintiff's assertion that the John Doe Officer cited him for running a nonexistent stop sign at the intersection of 25th Street and Washington, his traffic violations occurred at the intersection of Washington and *23rd Street*, where Plaintiff disregarded a stop sign. (Doc. 18, pp. 2-3). Defendant requests the Court to take judicial notice of the traffic citations issued to Plaintiff, which, it argues, demonstrate that the John Doe officer had probable cause to stop Plaintiff and undermine his claims in Counts 1 and 2. (Doc. 18, pp. 8-13). Further, Defendant asserts that Plaintiff has not adequately pled a *Monell* claim because he merely recites the elements of the cause of action without factual underpinning to support the alleged failure to train. (Doc. 18, pp. 6-7).

## LEGAL STANDARDS

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

2

complaint. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

To prevail on a *Monell* claim, a plaintiff must "prove that the constitutional violation was caused by a governmental 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Braun v. Vill. of Palatine*, 56 F.4th 542, 552 (7th Cir. 2022) (quoting *First Midwest Bank ex rel. Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021); *Monell*, 436 U.S. at 694 (1978)). Importantly, a plaintiff who brings a *Monell* claim must first establish "that he was deprived of a federal right." *Braun*, 56 F.4th at 552 (quoting *First Midwest Bank*, 988 F.3d at 987). If there is no underlying constitutional violation by a municipal employee, the municipality cannot be liable under *Monell* for failure to

3

train. *Braun*, 56 F.4th at 552.

## ANALYSIS

Defendant submits certified copies from the Madison County Circuit Court records of five traffic citations issued to Plaintiff on February 24, 2021. (Docs. 18-1 through 18-5). Plaintiff was charged with disregarding a stop sign at Washington Ave. at East 23rd Street in Granite City. (Doc. 18-1).[3]

When considering a Rule 12(b)(6) motion testing the sufficiency of a complaint, the consideration of extrinsic material not contained in the pleading would ordinarily convert the motion to dismiss into a motion for summary judgment. *See Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). However, a Court may take judicial notice of public records within the context of a Rule 12(b)(6) motion. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997); *Jordan v. Bonano*, No. 22-C-725, 2022 WL 13916597, at *2 (N.D. Ill. Oct. 24, 2022). In this case, Plaintiff has not disputed the contents of the traffic citations, which show the location of the stop sign violation. The Court therefore takes judicial notice of Plaintiff's traffic citations submitted by Defendant.

Plaintiff's Complaint asserts that the John Doe Officer lacked probable cause to stop or arrest him because he did not disobey any traffic laws at the intersection of 25th Street and Washington. (Doc. 1, pp. 1-2). However, the citations show that the John Doe Officer stopped Plaintiff for a stop sign violation committed at 23rd Street and Washington. That event provided probable cause for the traffic stop, and defeats Plaintiff's claim in Count 1 herein.

Plaintiff's claim in Count 2 that the John Doe Officer unlawfully arrested him after the traffic stop is similarly contradicted by these public records and by Plaintiff's allegations in the

---

[3] Plaintiff was also cited for improper turn signal, expired registration, unlicensed driver, and uninsured motor vehicle. (Docs. 18-2 through 18-5).

Complaint. The officer had probable cause to stop Plaintiff based on the stop sign violation. Plaintiff admits that when the officer conducted a search, he was found to have methamphetamines in his possession. (Doc. 1, p. 3). As Defendant points out, even if the search of Plaintiff and his vehicle was improper, the drug evidence found by the John Doe Officer was sufficient to provide probable cause to arrest Plaintiff. *Martin v. Marinez*, 934 F.3d 594, 598-99 (7th Cir. 2019). As such, Plaintiff cannot maintain his unlawful arrest claim in Count 2. For the same reason, Plaintiff's state law false arrest and false imprisonment claim in Count 6 is not sustainable. Counts 1, 2, and 6 are therefore subject to dismissal.

Count 3 alleges that the John Doe Officer conducted the traffic stop of Plaintiff based on racial profiling. (Doc. 1, p. 2). In order to maintain such an equal protection claim, a plaintiff must "prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). To demonstrate discriminatory effect, a plaintiff must show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class. *Id*. at 636; *see also Chriswell v. Vill. of Oak Lawn*, No. 11 C 00547, 2013 WL 5903417, at *11 (N.D. Ill. Nov. 4, 2013), *aff'd sub nom. Chriswell v. O'Brien*, 570 F. App'x 617 (7th Cir. 2014).

As Defendant points out, Plaintiff's allegations in support of this claim are threadbare. (Doc. 1, p. 2; Doc. 18, p. 15). Further, Defendants' showing that the officer's stop was supported by probable cause undermines the notion that the stop was pretextual and motivated by a discriminatory purpose. In consideration of Plaintiff's *pro se* status and out of an abundance of caution, the Court will allow Plaintiff the opportunity to amend his Complaint to re-plead the equal

protection claim in Count 3 if he wants to proceed with this claim, in accordance with the instructions below.

Plaintiff's *Monell* claim in Count 7 cannot be maintained in the absence of a constitutional violation committed by the John Doe Officer. Having concluded that Counts 1 and 2 are subject to dismissal, the scope of Count 7 will now be limited to the equal protection claim in Count 3, if Plaintiff can adequately re-plead it.

## DISPOSITION

**IT IS THEREFORE ORDERED** that Defendant Granite City's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 18) is **GRANTED IN PART** as to Counts 1, 2, and 6, and the portion of Count 7 that is premised on Counts 1 and 2 of the Complaint. The Motion is **DENIED IN PART** as to Count 3 and the portion of Count 7 that rests on Count 3.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with the claims in Count 3 and the remaining portion of Count 7, he must, on or before **March 13, 2023**, submit an amended complaint setting forth factual allegations in support of the equal protection/racial profiling claim in Count 3, as well as the failure to train/*Monell* claim in Count 7 as it relates to Count 3. Additionally, by the same deadline, Plaintiff must file a motion to substitute the actual name of the John Doe Police Officer in place of that unknown party.

Plaintiff should label his pleading "First Amended Complaint" and include Case Number 21-cv-375-JPG. The amended complaint shall include only the claims designated as Counts 3 and 7 and shall include the Defendant police officer's actual name.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended

6

Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice for failure to prosecute and/or failure to comply with a court order. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. The First Amended Complaint will be subject to a merits review pursuant to 28 U.S.C. § 1915A.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: 2/13/2023**

>*s/ J. Phil Gilbert*
>**J. PHIL GILBERT**
>**United States District Judge**