IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODDRICK A. LEWIS, SR., #94800,**  )<br>)<br>**Plaintiff,**  )<br>vs.  )<br>)<br>**GRANITE CITY, ILLINOIS,**  )<br>**and JOHN DOE (Police Officer),**  )<br>)<br>**Defendants.**  ) | Case No. 21-cv-00375-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On February 13, 2023, the Court granted in part and denied in part Defendant Granite City's Motion to Dismiss. (Doc. 23). Plaintiff Roddrick Lewis was ordered to submit an amended complaint no later than March 13, 2023, if he wanted to proceed on his remaining claims in Count 3 (racial profiling) and the portion of Count 7 (*Monell* claim against Granite City) that is premised on Count 3. By the same deadline, Plaintiff was to file a motion to substitute the actual name of the John Doe Officer Defendant. The Clerk mailed Plaintiff a blank complaint form for his use in preparing his amended pleading.

The Court warned Plaintiff that if he failed to file an amended complaint by the March 13, 2023 deadline in accordance with the Court's instructions, this case would be dismissed with prejudice for failure to prosecute and/or failure to comply with an Order of the Court. (Doc. 23, p. 7). Plaintiff's March 13, 2023 deadline expired more than three weeks ago, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute as well as failure to follow a court order.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681

(7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/5/2023**

> *s/  J. Phil Gilbert*
> **J. PHIL GILBERT**
> **United States District Judge**